42 F.3d 1387
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert LIEBLING, Defendant-Appellant.
 No. 94-5297.
 United States Court of Appeals, Fourth Circuit.
 Argued November 4, 1994.
Decided December 5, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T. S. Ellis, III, District Judge. (CR-94-68)
 ARGUED: Joseph N. Bowman, Alexandria, VA, for appellant. Laura Elizabeth Duffy, Sp. Asst. U.S. Atty., Alexandria, VA, for appellee. ON BRIEF: Helen F. Fahey, U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Appellant Robert Liebling challenges the denial of his motion to suppress evidence that led to his conviction for possession of crack cocaine, see 21 U.S.C. Sec. 844. Finding no error, we affirm.
 
 I.
 
 2
 In May 1993, two U.S. Park Police Officers noticed Liebling sitting in his car at an overlook on the George Washington Memorial Parkway because his car was parked in a handicapped parking space. Dressed in plainclothes, the officers approached the car on foot, Officer Ferstl on the driver's side and Officer Spetz on the passenger's. The officers testified that as they came upon Liebling, he became very nervous and attempted to leave. J.A. at 19. Both officers identified themselves, id. at 19, 27, 40, and Officer Ferstl advised Liebling that he had parked illegally, id. at 20. Thereupon, Liebling took his right hand, which was clenched in a fist, away from the ignition and positioned it near his side, out of Ferstl's view. Officer Ferstl believed Liebling was hiding something in his hand, id. at 20, and Officer Spetz explained that she thought it could have been a knife or anything, id. at 43. Spetz testified that she also saw a metal rod in the front seat, id. at 39-40, and that she saw Liebling's clenched fist move over the metal rod, id. at 42-43.
 
 
 3
 Officer Ferstl then told Liebling to reveal what was in his hand. Liebling became increasingly nervous, said he was sorry and that he was going to leave. Ferstl instructed him twice more to unclench his hand. Liebling complied and disclosed a small plastic tube that appeared to be a tube used for smoking crack cocaine. Id. at 21. Liebling then handed Ferstl a pink zip-lock baggie with an off-white powdery residue substance in it. Id. at 21-22. After recovering this drug paraphernalia, Ferstl requested that Liebling step from the vehicle. The officers proceeded to search the vehicle, which revealed other paraphernalia, and to search Liebling's person which revealed drugs, later identified as cocaine base and heroin hydrochloride. Liebling was issued two notices, one for illegally parking in a handicapped space, 36 C.F.R. Sec. 4.12, and the other for possession of crack cocaine, 21 U.S.C. Sec. 844.
 
 
 4
 Liebling agreed to be tried before a magistrate judge, entered a not guilty plea, and proceeded to argue a motion to suppress. After an evidentiary hearing, the magistrate judge denied the motion, and after a trial, found the defendant guilty. Liebling appealed to the district court which denied the appeal and affirmed the convictions. This appeal followed.
 
 II.
 
 5
 Challenging the denial of his suppression motion, Liebling contends that the officers violated his Fourth Amendment privacy interest by requiring him to open his clenched fist. In assessing the constitutionality of the "limited seizure" involved in a routine traffic stop, the court employs a Terry-analysis. United States v. Rusher, 966 F.2d 868, 875 (4th Cir.), cert. denied, 113 S.Ct. 351 (1992). This approach presents a two-part inquiry: (1) "whether the officer's action was justified at its inception," and (2) "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Terry v. Ohio, 392 U.S. 1, 20 (1968); Rusher, 966 F.2d at 875. Since Liebling concedes that the police were justified in detaining his vehicle after observing the traffic violation, see Appellant's Br. at 7, the only question that remains is whether the officers acted reasonably in requiring Liebling to open his hand in light of the circumstances following the initial contact. Under the applicable standard, the police must have reasonably believed, based on "specific and articulable acts" and "rational inferences from those acts," that the suspect posed a danger to their safety. Terry, 392 U.S. at 21, 27. We find that the police satisfied this standard.
 
 
 6
 In United States v. Hassan El, 5 F.3d 726 (4th Cir.1993), this court held that a search of an individual, who had been stopped on a routine traffic violation, was proper where the officer testified that the individual "appeared nervous and ... [his] hands mov[ed] toward a bulge in his waistband." Id. at 731. These circumstances are directly analogous to the present case. Liebling acted nervously and moved furtively; his clenched fist could have held any number of potential weapons--a razor, syringe, or small handgun, for example. As in Hassan El, the officers here were reasonably concerned for their safety. The magistrate and district judge accepted the officers' account of the critical events and found the officers had a justified and reasonable suspicion that their safety was in danger. J.A. at 27; Supp. J.A. at 3. This finding is not clearly erroneous, see Rusher, 966 F.2d at 877, and the evidence found in Liebling's hand should not have been suppressed.
 
 III.
 
 7
 Disclosure of the drug paraphernalia provided probable cause to arrest the defendant. This lawful custodial arrest then "justifies the contemporaneous search without a warrant of the person arrested and of the immediately surrounding area." New York v. Belton, 453 U.S. 454, 457 (1980). Therefore, the trial courts properly denied the motion to suppress the evidence found in Liebling's jacket and the passenger compartment of the car.
 
 CONCLUSION
 
 8
 For the reasons stated herein, we affirm the judgment of the district court.
 
 AFFIRMED